UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., A MINOR, BY AND THROUGH HER FATHER AND NATURAL GUARDIAN BRIAN RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 19cv1401-W(RBB)<br><br>**ORDER REQUIRING FILING OF MOTION TO APPOINT GUARDIAN AD LITEM** |

On September 4, 2019, the Court issued an order directing that a motion for appointment of guardian ad litem be filed on behalf of Plaintiff. (See Sept. 4, 2019 Order 4, ECF No. 5.) That same day, Plaintiff filed a response to the order and requested further instruction from the Court [ECF No. 6]. For the reasons set forth below, the Court sees no need to alter its prior order and again directs Plaintiff to file a motion for appointment of guardian ad litem prior to the parties' meeting at the subject premises, due to take place no later than fourteen days prior the early neutral evaluation conference.

### I.  BACKGROUND

Plaintiff filed this lawsuit on July 26, 2019, alleging claims under the American Disabilities Act, 42 U.S.C. § 12131, *et seq.* and California Disabled Persons Act, Cal.

Civ. Code § 54.1, *et seq*. (Compl., ECF No. 1.) The action is brought by C.R., a minor, by and through her father and "natural guardian," Brian Russell, against Defendant City of San Diego. (Id.) On September 4, 2019, the Court issued a "Notice and Order (1) Setting Early Neutral Evaluation Conference in an A.D.A. Case and (2) Requiring Filing of Motion to Appoint Guardian Ad Litem." (See Sept. 4, 2019 Order, ECF No. 5.) The order directed that Plaintiff file a motion for appointment of guardian ad litem prior to the parties' meeting at the premises at issue in the Complaint, required to be held no later than fourteen days prior to the early neutral evaluation conference set for October 15, 2019, at 9:00 a.m. (Id. at 4.) C.R. subsequently filed a response to the Court's order, in which she argues that the appointment of a guardian ad litem is not required in this action because she is represented by "her father and natural (general) guardian." (Pl.'s Resp. 2, ECF No. 6.) She indicates that notwithstanding the authority set forth in her response, if it is the Court's preference that she file a motion for appointment of guardian ad litem, she will do so within the time frame ordered. (Id. at 4.)

## II. LEGAL STANDARDS

Under Rule 17 of the Federal Rules of Civil Procedure, the following representatives may sue on behalf of a minor: a general guardian, a committee, a conservator, or a like fiduciary. Fed. R. Civ. P. 17(c)(1). A minor who does not have a duly appointed representative "may sue by a next friend or by a guardian ad litem." Id. R. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or other incompetent person who is unrepresented in an action." Id. "The decision to appoint a guardian ad litem under Rule 17(c) is normally left to the sound discretion of the trial court . . . ." Davis v. Walker, 745 F.3d 1303, 1310 (9th Cir. 2014).

## III. DISCUSSION

There is no dispute that C.R. is a minor child. The issue before the Court, therefore, is whether C.R. has a duly appointed representative pursuant to Rule 17(c)(1). Plaintiff does not contend that she is represented by a committee, conservator, or a like

fiduciary. She does allege, however, that Brian Russell is "her father and natural (general) guardian" and, therefore, may represent her interests in this lawsuit. (Pl.'s Resp. 2, ECF No. 6.) Plaintiff relies on cases from other circuits, including <u>Burke v. Smith</u>, 252 F.3d 1260, 1264 (11th Cir. 2001), as well as three cases from the Eastern District of California, in support of her position. (<u>Id.</u> at 2-3.) These cases generally stand for the proposition that the appointment of a guardian ad litem is not required when a child is otherwise represented by a parent or legal guardian. <u>See, e.g.</u>, <u>Burke</u>, 252 F.3d at 1264 ("In the present case, Tammy was 'otherwise represented' by her mother who brought this action on her behalf. Thus, Rule 17(c) did not require the court to appoint a guardian ad litem."); <u>see also</u> <u>Doe ex rel. Sisco v. Weed Union Elem. Sch. Dist.</u>, No. 2:13-CV-01145-GEB-CMK, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013) (finding parents' application for appointment of guardian ad litem unnecessary because "Rule 17(c)(1)(A) permits a 'general guardian' to sue in federal court on behalf of a minor, and '[a] parent is a guardian who may so sue'") (citation omitted).

      The Court acknowledges that there is authority, albeit nonbinding authority, supporting Plaintiff's position that the appointment of a guardian ad litem is not needed in this case. Nevertheless, it is the general practice of this court and others to appoint a guardian ad litem in cases involving minors even when the minor's parent represents the minor's interests in the lawsuit. In <u>A.R. v. Long's Drug Stores California, LLC</u>, in which the complaint was filed on behalf of a minor by the minor's mother, the court granted the mother's motion to appoint her as guardian ad litem. <u>See</u> Order, <u>A.R. v. Long's Drug Stores California, LLC</u>, Case No. 18cv2567-JLS(RBB) (S.D. Cal. Feb. 15, 2019), ECF No. 37. <u>See also</u> Order, <u>Rodriguez v. United States of America</u>, Case No. 06cv2753-W(JMA) (S.D. Cal. Apr. 21, 2010), ECF No. 148 (granting petition for appointment of guardian ad litem brought by "natural mother" of two minor plaintiffs); Order, <u>D.L. v. Poway Unified Sch. Dist.</u>, Case No. 19cv0780-GPC(RBB) (S.D. Cal. May 10, 2019), ECF No. 6 (granting parents' petition for guardian ad litem in case filed on behalf of their son). Additionally, in a recent case in the Eastern District of California, the court aptly

explained its basis for denying a motion for an order finding that a guardian ad litem was unnecessary:

> The Court takes seriously its obligation to protect the interest of the minors in actions that are before the Court. In this regard, it is this Court's practice to require a petition for appointment of a guardian ad litem, even where a parent is seeking to represent his child in the litigation, and the Court sees no reason to deviate from customary practice in this matter. While the parent may be appointed as a guardian ad litem, the Court requires a declaration from the parent asserting that the parent understands the responsibilities in serving as a guardian ad litem, has no conflict of interest with the child, and is willing to serve as guardian ad litem in this matter. While appointment of the parent to serve as guardian ad litem is usually made on an ex parte application and involves minimal discretion by the court where there is no conflict of interest, the Court shall still require that the petition for appointment as guardian ad litem be filed.

Hasnat v. Pompeo, Case No. 1:19-cv-00388-LJO-SAB, 2019 U.S. Dist. LEXIS 65150, at *4-5 (E.D. Cal. Apr. 15, 2019) (citations omitted). The Court agrees with this rationale, and sees no need here to amend its general practice of appointing a guardian ad litem in cases in which the minor's parent seeks to represent the minor's interests in the lawsuit.

## IV.  CONCLUSION

Based on the foregoing, the Court again **ORDERS** Plaintiff to file a motion for appointment of guardian ad litem prior to the parties' required meeting at the subject premises.

**IT IS SO ORDERED**.

Dated:  September 10, 2019

Hon. Ruben B. Brooks
United States Magistrate Judge

cc:  All Parties of Record